IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOODY,<br><br>  Plaintiff,<br><br> v.<br><br>LIBERTY LIFE ASSURANCE CO,<br><br>  Defendant. | No. C07-01017 MJJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE AND GRANTING DEFENDANTS' MOTION TO DISMISS** |

## INTRODUCTION

Before the Court is Defendants Liberty Life Assurance Company ("Liberty Life"), Liberty Mutual Group Inc. ("Liberty Mutual"), and Synopsys, Inc. Group Disability Income Plan's ("Synopsys") (collectively "Defendants") Motion to Dismiss Improper Claims and Motion to Strike Plaintiff's Demand for Jury Trial.[1] Plaintiff Michael Moody ("Plaintiff" or "Moody") opposes Defendants' motion to dismiss. Plaintiff concedes that Defendants' motion to strike is proper. For this reason, the Court **GRANTS** Defendants' Motion to Strike Plaintiff's Demand for Jury Trial. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss Improper Claims **WITHOUT PREJUDICE**.

## FACTUAL BACKGROUND

This case arises from the denial of Plaintiff's claim for long-term disability benefits under an employee welfare plan insured by a group disability income policy that Liberty Life issued to

---

[1] Docket No. 4.

1  Synopsys, the sponsor of the plan. On January 11, 2007 and February 13, 2007, Plaintiff filed the
2  Complaint and First Amended Complaint, respectively, in the Superior Court for the State of
3  California for the County of San Francisco. On February 16, 2007, Defendants removed the action
4  to this Court. The material allegations taken from Plaintiff's First Amended Complaint ("FAC") are
5  as follows.

6        Plaintiff formerly worked for Synopsys as a project engineer. (FAC ¶ 11.) As part of his
7  employment, Plaintiff enrolled in the Synopsys, Inc. Group Disability Income Plan ("the Plan"),
8  policy number GF3-860-038492-01. (*Id*. at ¶¶ 3, 4.) The Plan is an employee welfare benefit plan
9  governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001,
10  et seq. (*Id*. at ¶¶ 3, 4.)

11        As to Liberty Life, Plaintiff alleges that Liberty Life is the party designated by the Plan to
12  make benefits determinations and acts as the "funding source" for the Plan. (*Id*. at ¶ 7.) As to
13  Liberty Mutual, Plaintiff alleges that Liberty Mutual also makes benefits determinations. (*Id*.) As to
14  Liberty Life and Liberty Mutual, Plaintiff alleges that both entities are the Plan's "administrator"
15  and "party in interest" within the meaning of ERISA, and are the "funding source" for the Plan,
16  thereby operating under a structural conflict of interest as to the adjudication of Plaintiff's claim for
17  disability benefits. (*Id*. at ¶¶ 7, 8.)[2]

18        In 2001, Plaintiff was in an automobile accident and has since been in extreme pain from his
19  neck down into his back and into his extremities. (*Id*. at ¶ 14.) Plaintiff has been diagnosed with
20  degenerative disc disease in the lumbar region, degenerative disc disease in the cervical region, pain
21  disorder, and depression. (*Id*.) As a result of his condition, Plaintiff claims to have been, and
22  remains, totally disabled under the Plan. (*Id*.)

23        In December 2003, Plaintiff applied for disability benefits under the Plan. (*Id*. at ¶ 15.)

---

[2] Defendants contend that the Plan documents referenced in Plaintiff's complaint refute Plaintiff's allegations. Defendants have attached the Plan documents to their motion to dismiss. (Declaration of Beverly Henry ("Henry Decl."), ¶¶ 3-5, Exs. A-C) (consisting of: (1) a copy of the summary plan description; (2) a copy of the Liberty Life Group Disability Income Policy, number GF3-860-038492-01; and (3) a copy of the WRAP plan document.) According to the Plan documents, the policy is issued by Liberty Life to Synopsis, the Plan sponsor. (*Id*. at ¶ 4, Ex. B.) Also according to the Plan documents, Liberty Life, and not Liberty Mutual, is the insurer and "funding source of the Plan's long term disability coverage." (*Id*. at ¶ 3, Ex. A.) Defendants also contend that the Plan documents establish that the plan administrator is Synopsys, not Liberty Life or Liberty Mutual. (*Id*. at ¶ 4, Ex. B.)

1  Liberty approved Plaintiff's request for benefits and made disability benefit payments to Plaintiff
2  until June 2004, at which time Liberty determined Plaintiff was no longer disabled under the terms
3  of the Plan. (*Id*. at ¶ 16.) In November 2004, Plaintiff appealed Liberty's decision to terminate his
4  disability benefits and Liberty reinstated Plaintiff's benefits. (*Id*. at ¶ 16.) Liberty continued to pay
5  disability benefits to Plaintiff until May 2005. (*Id*. at ¶ 17.) In October 2005, Plaintiff again
6  appealed Liberty's decision to terminate his disability benefits. (*Id*. at ¶ 18.) In November 2005,
7  Liberty upheld its decision to terminate Plaintiff's disability benefits on the basis that Plaintiff was
8  not totally disabled under the terms of the policy. (*Id*. at ¶ 20.)

9  Plaintiff alleges two causes of action in his First Amended Complaint. The first cause of
10 action is entitled, "Recovery of Benefits under 29 U.S.C. § 1132(a)(1)(b)" and is alleged against all
11 three Defendants. (*Id*. at p. 5.) The second cause of action is entitled, "Breach of Fiduciary Duty
12 under 29 U.S.C. § 1109, 29 U.S.C. § 1132(a)(2), and 29 U.S.C. § 1132(a)(3)" is alleged only against
13 Liberty Life. (*Id*. at p. 6.)

14 Defendants now move to dismiss Plaintiff's first cause of action against Liberty Life and
15 Liberty Mutual on grounds that they are improper parties to that cause of action. According to
16 Defendants, the proper defendant in a claim under § 1132(a)(1)(B) is the Plan and/or the plan
17 administrator, neither of which are Liberty Life or Liberty Mutual. Lastly, Defendants move to
18 strike Plaintiff's demand for a jury trial on grounds that there is no authority for a jury trial under
19 ERISA. Defendants do not move to dismiss Plaintiff's second cause of action in the current motion.

20 **LEGAL STANDARD**

21 A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal
22 sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a
23 Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the
24 Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News*
25 *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the
26 plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a
27 cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d
28 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988);

3

1 *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir.1998) (citations omitted).

## ANALYSIS

### I.     Extrinsic Evidence: Plan Documents

As an initial matter, the Court must determine whether it may properly consider the Plan documents relied upon by Defendants in support of their motion to dismiss. Defendants have attached three Plan documents to their motion to dismiss: (1) a copy of the summary plan description; (2) a copy of the Liberty Life Group Disability Income Policy, number GF3-860-038492-01; and (3) a copy of the WRAP plan document. (Henry Decl., ¶¶ 3-5, Exs. A-C.)[3] According to Defendants, these Plan documents are sufficiently central to Plaintiff's causes of action to allow the Court to consider them in the context of a Rule 12(b)(6) motion. Defendants contend that these Plan documents establish that neither Liberty Mutual or Liberty Life were plan administrators, and are therefore not proper defendants under section 1132(a)(1)(B).

Plaintiff insists that it would be improper for the Court to consider matters outside the complaint in ruling on a Rule 12(b)(6) motion. Plaintiff makes two arguments against this Court's consideration of the Plan documents. First, Plaintiff argues that two of these Plan document are not contained in the administrative record, and therefore cannot be considered. Second, Plaintiff argues that the Plan documents pertain to *health care benefits*, not *disability benefits*, and therefore are not applicable.

A district court ruling on a motion to dismiss may consider documents "whose contents are

---

[3] These documents comprise all of the relevant plan documents that relate to the long term disability benefits provided by the Plan. (Henry Decl. ¶ 6.)

4

alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds in*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *Bryant v. Avado Brands, Inc*., 187 F.3d 1271, 1281 (11th Cir. 1999). Thus, the court may consider the full text of a document referred to in the complaint where the document is central to the plaintiff's claim and there are no questions as to the authenticity of the document attached to the Rule 12(b)(6) motion. *Tunnell*, 14 F.3d at 454; *In re Stac Electronics Securities Litig*., 89 F.3d 1399, 1405 (9th Cir. 1996); *Chambers v. Time Warner*, Inc., 282 F.3d 147, 153 (2d Cir. 2002). The Ninth Circuit has extended the above rule to documents that are crucial to the plaintiff's claims even though they were not actually referred to in the complaint. *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998) (finding that where the plaintiff's complaint referred to an ERISA "group plan" and its "cost containment program" but did not mention the documents governing plan membership and coverage, such membership and coverage documents were properly considered by the court in ruling on the defendant's motion to dismiss.). The Ninth Circuit's extension of the above rule is supported by the policy concern underlying the rule: Preventing a plaintiff with a legally deficient claim from surviving a motion to dismiss simply by failing to attach a dispositive document on which it relied. *Id*. (citing *Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993) (parentheses added)). Thus, where the documents do not support plaintiff's claim, the complaint may be dismissed for failure to state a valid claim. *Tunnell*, 14 F.3d at 454; *Venture Assocs. Corp. v. Zenith Data Systems Corp*., 987 F.2d 429, 431 (7th Cir. 1993).

In this case, Plaintiff's complaint and First Amended Complaint both make reference to the entities that serve as the "plan administrator," "funding source," "fiduciary," and "party-in-interest." (Compl. at ¶¶ 7-8; FAC at ¶¶ 7-8.) Plaintiff also makes reference to the particular entities charged with making benefits determinations and claims decisions. (Compl. at ¶ 7; FAC at ¶ 7.) Plaintiff's first cause of action rests on his membership in the Plan and the roles of the particular Defendants in handling his claim. Because the Plan documents include key terms that identify the plan administrator, the plan sponsor, and the funding source, the documents are essential to Plaintiff's operative complaint. Therefore, this Court will consider the documents in ruling on Defendants'

5

motion to dismiss.[4] The Court now turns to the import of the Plan documents on Plaintiff's first cause of action under § 1132(a)(1)(B).

## II. Proper Defendants Under 29 U.S.C. § 1132(a)(1)(B)

The Court must now determine whether the Plan documents defeat Plaintiff's first cause of action against Liberty Life and Liberty Mutual as a matter of law. Defendants maintain that Liberty Mutual and Liberty Life are not proper defendants in Plaintiff's claim under § 1132(a)(1)(B) because neither acted as a "plan administrator." Defendants contend that the Plan and/or the plan administrator are the only proper defendants for such a claim. Plaintiff disagrees and insists there is no limit on the universe of possible defendants for his claim. Plaintiff also accords significance to the factual allegations in the operative complaint identifying both Defendants as plan administrators. According to Plaintiff, because he has alleged that Liberty Mutual and Liberty Life acted as co-plan administrators, parties-in-interest, fiduciaries, and/or funding sources, such allegations must be taken as true, and interpreted in the light most favorable to Plaintiff.[5] After consideration of the parties' arguments, and for the reasons set forth below, the Court finds that the Plan documents are sufficient

---

[4]In deciding to consider the Plan documents, the Court notes that Plaintiff has not directly disputed the Plan documents' authenticity. Instead, Plaintiff argues that it would be improper to consider the Plan documents because they are not contained in the administrative record, citing *Taft v. Equitable Life Ass. Society*, 9 F.3d 1469, 1471 (9th Cir. 1994). However, *Taft* is procedurally distinguishable from the current case. *Taft* did not involve consideration of extrinsic evidence in the context of a motion to dismiss, but instead involved consideration of extrinsic evidence in the form of live testimony from the defendant's expert physician during a bench trial on plaintiff's ERISA claims. *Id*. There, the physician's live testimony indicated that his previous conclusions in the administrative record might have been different had he been aware of additional information pertaining to the plaintiff's condition. *Id*. at 1471. In that context, the Ninth Circuit determined that it was improper for the district court to consider the physician's testimony against the administrator because that evidence was not actually before the administrator at the time it made its benefits determination. *Id*. at 1472. The court explained that it would be unfair to find that a plan administrator abused its discretion by failing to consider evidence not before it. *Id*. Here, the Plan documents do not consist of new physician's opinion offered in the context of a bench trial. The Plan documents are not new evidence. While not in the administrative record, the Plan documents clearly existed at the time Defendants' made their benefits determinations. Accordingly, the Ninth Circuit's fairness concerns in *Taft* are not present here.

Plaintiffs final argument, that the WRAP document pertains to *health care benefits*, not *disability benefits*, is patently incorrect. Both the summary plan description and the WRAP document explicitly provide that they pertain to "Long Term Disability." (Henry Decl., ¶¶ 3 and 5, Ex. A at Appendix A, and Ex. B at Appendix A.)

[5]Plaintiff has failed to provide authority that Liberty Mutual and Liberty Life's alleged status as "parties-in-interest," "funding sources," and/or "fiduciaries" permits Plaintiff to recover benefits from them under 29 U.S.C. § 1132(a)(1)(B). *See Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324-25 (9th Cir. 1985) (stating "suits for breach of fiduciary duty only against the fiduciary [under] §§ 1109(a); 1105(a).") (citations omitted); *see also Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005) (stating that suits to recover benefits under 29 U.S.C. § 1132(a)(1)(B) are limited to being brought against the plan or the plan administrators.) (citations omitted). Accordingly, as more fully explained below, the Court's inquiry is limited to Liberty Mutual and Liberty Life's alleged status as "plan administrators."

to defeat Plaintiff's first cause of action as to Liberty Life and Liberty Mutual.

Section 1132(a)(1)(B) provides that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). ERISA authorizes actions to recover benefits against the Plan as an entity, 29 U.S.C. § 1132(d)(1), and against the Plan's administrator. 29 U.S.C. § 1132(a)(1)(B); *See also Everhart v. Allmerica Financial Life Ins. Co.*, 275 F.3d 751, 754 (9th Cir. 2001).[6] The Ninth Circuit has recognized that the plan itself, in addition to the plan administrators, are proper parties to a suit under § 1132(a)(1)(B). *See e.g. Everhart*, 275 F.3d at 754. ERISA defines a "plan administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated[.]" 29 U.S.C. § 1002(16)(A)(i).

The Plan in this case, as evidenced by the Plan documents, designated Synopsys as the plan administrator and plan sponsor (Henry Decl. ¶¶ 3-4, Exs. A-B), and designated Liberty Life as the insurer (*Id*. ¶ 4, Ex. B). Accordingly, only the Plan itself and Synopsys would be proper defendants in a claim for benefits under § 1132(a)(1)(B). In deciding a Rule 12(b)(6) motion, a court need not accept as true conclusory allegations or legal characterizations . . . [n]or need it accept unreasonable

---

[6] While some earlier cases seemed to support the conclusion that ERISA permitted suits to recover benefits only against the Plan as an entity, *e.g.*, *Gelardi*, 761 F.2d 1323; *Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279 (9th Cir. 1990), those cases held only that employers, who were not also plan administrators, could not be sued under ERISA. *Gaines v. The Sargent Fletcher, Inc. Group Life Ins. Plan*, 329 F. Supp. 2d 1198, 1210 (C.D. Cal. 2004). To the extent that those cases, which dealt only with suits brought against employers who were not also administrators, contain broad language suggesting that even administrators cannot be sued under ERISA, more recent decisions from this and other circuits have rejected such an implication. *Id*. (citing *Everhart*, 275 F.3d at 754 (acknowledging in dicta that this circuit and others now recognize suits brought under 29 U.S.C. § 1132(a)(1)(B) against plan administrators, and stating that the third party insurer defendant may well have been a proper party defendant had it been acting as the plan administrator)). *Everhart* found support for its conclusion in *Taft* where the court concluded that "the beneficiary of an ERISA plan may bring a civil action against a plan administrator" to recover benefits under § 1132(a)(1)(B). *Id*. (citing *Taft*, 9 F.3d at 1471; *see also Layes v. Mead Corp*., 132 F.3d 1246, 1249 (8th Cir.1998) (permitting suit under Section 1132(a)(1)(B) against the plan administrator, but not a non-administrator employer); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (holding that "[t]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan"); *Daniel v. Eaton Corp*., 839 F.2d 263, 266 (6th Cir. 1988) (holding that an employer is not a proper defendant in an action for benefits under ERISA unless it is "shown to control administration of the plan.")). "Thus, this Circuit and others have clearly acknowledged that plan administrators are proper parties to a suit under § 502(a)(1)(B)." *Id*.

In the current case Defendants have conceded that a plan administrator is a proper defendant under § 1132(a)(1)(B). (Def.'s Rep. 1:9-10.) Therefore, this Court need not reach the issue of whether a particular line of cases limits § 1132(a)(1)(B) claims to the "plan" itself and otherwise forecloses claims against a "plan administrator."

inferences or unwarranted deductions of fact. *See e.g. Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993); *see also* Hon. William R. Schwarzer, et al., *Federal Civil Procedure Before Trial*, § 9:221 (2007). Here, the Court finds that in light of the Plan documents, Plaintiff's conclusory factual allegations in the operative complaint are insufficient to state a claim against Liberty Life and Liberty Mutual as "plan administrators." However, that is not to say under no factual circumstances could Liberty Life and Liberty Mutual be considered "co-plan administrators." In amending his first cause of action Plaintiff must plead sufficient additional facts for this Court to conclude that Liberty Mutual and Liberty Life were "plan administrators" despite the Plan documents indicating otherwise.

In his Opposition, Plaintiff makes two final arguments to defeat the current motion. Initially, Plaintiff argues that his first cause action against Liberty Mutual and Liberty Life is proper, citing *Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc*., 530 U.S. 238 (2000). In relying on *Harris Trust*, Plaintiff conflates § 1132(a)(1)(B) with § 1132(a)(3). *See Everhart*, 275 F.3d at 754 n. 3. In *Harris Trust*, the Supreme Court determined that liability under § 1132(a)(3) is not limited to the plan itself or its fiduciary. *Harris Trust*, 530 U.S. 247. There, the Supreme Court held that § 1132(a)(3) authorizes suit against a non-fiduciary "party in interest" to a breach of fiduciary duty. *Id*. In considering *Harris Trust's* reach, the Ninth Circuit has determined that *Harris Trust's* reasoning is not applicable to liability under § 1132(a)(1)(B). *Everhart*, 275 F.3d at 754. In *Everhart*, the Ninth Circuit explicitly stated that while *Harris Trust* gave authorization to reach other parties under § 1132(a)(3), "no similar express authorization to reach [other] parties exists for § 1132(a)(1)(B). *Id*. For this reason, the Court is not convinced that *Harris Trust* compels a different result here.

Next, Plaintiff requests that this Court consider additional extrinsic evidence as support for his contention that Liberty Mutual and Liberty Life are "co-plan administrators." However, Plaintiff fails to provide legal authority allowing a court to consider the extrinsic evidence offered by a Plaintiff in response to a Rule 12(b)(6) motion. On this record, the Court finds that consideration of the parties' respective extrinsic evidence is an exercise best completed in the context of a Rule 56 motion. For this reason, the Court declines to consider Plaintiff's extrinsic evidence.

8

**United States District Court**
For the Northern District of California

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Improper Claims **WITHOUT PREJUDICE**. Plaintiff shall have **LEAVE TO AMEND** the first cause of action within 30 days of the filing date of this Order. The Court **GRANTS** Defendants' Motion to Strike Plaintiff's Demand for Jury Trial.

**IT IS SO ORDERED.**

Dated: April 17, 2007

                                     MARTIN J. JENKINS
                                     UNITED STATES DISTRICT JUDGE