UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOODY,<br><br>    Plaintiff,<br><br>  v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, et al.,<br><br>    Defendants.<br>                                      / | No. C 07-01017 MHP<br><br>**ORDER**<br><br>**Re: Disputes Regarding Amount of Judgment** |

      Plaintiff Michael Moody ("Moody") brought an action under 29 U.S.C., section 1132(a)(1)(B), seeking benefits under the Group Disability Income Policy ("the policy") issued by Liberty Life Assurance Company of Boston ("Liberty"). On January 26, 2009, the court ruled that Liberty abused its discretion in denying Moody benefits under the "own occupation" provision of the policy. See Docket No. 95. The court ordered Liberty to pay benefits owed for the entire period of coverage under the "own occupation" provision of the policy, minus any applicable offsets from Social Security benefits, state disability benefits, or other sources provided in the policy, including the $19,951.27 Moody owes from prior overpayments. The parties were instructed to file a proposed judgment specifying the exact amount to by paid. The question of whether Moody is entitled to additional benefits under the "any occupation" provision of the policy was remanded to Liberty.

      The parties have attempted to reach agreement on a proposed judgment. They have been unable to agree upon two issues: the proper calculation for determining the equitable offset of

overpayments to Liberty, and the proper calculation of Moody's Cost of Living Adjustment (COLA) provided under the policy. See Docket Nos. 98 & 99 (letter briefs).

There is no dispute that Liberty overpaid Moody during a certain time period, in light of Moody's retroactive Social Security and other benefits. The parties agree that the amount of Liberty's total claimed equitable offsets exceeds the amount of benefits due to Moody for the 6 months and 26 days that remained in the "own occupation" period. If Liberty had continued paying benefits for the remainder of the "own occupation" period between May 24, 2005, and December 18, 2005, then Liberty would have been able to recoup most of the earlier overpayments by reducing those payments. See Policy at 28. However, Liberty did not have the right to reduce the monthly payments to zero. The policy provides that "The Disability Benefit payable will never be less than the Minimum Monthly Benefit shown in the Schedule of Benefits." See id. at 12. If Liberty had not abused its discretion and had paid benefits for the remainder of the "own occupation" period, it could only have reduced its monthly payments by 90%, not 100%. Moody claims that he is entitled to that extra 10% per month during the applicable period. Under such a calculation, Moody would receive a judgment of approximately four thousand dollars, rather than nothing. In any event, the parties agree that if Liberty determines that Moody is entitled to benefits under the "any occupation" standard, Liberty can continue to recoup the remainder of the earlier overpayments by reducing the "any occupation" payments.

Liberty would not have been entitled to recoup 100% per month during the remainder of the "own occupation" period had it continued to pay benefits. Liberty should not be rewarded for abusing its discretion by receiving more in equitable offset than would have been possible had Liberty paid benefits as it should have. Moody was entitled to a minimum monthly benefit, and no basis for abrogating that policy provision has been shown. The amount of judgment should be calculated consistent with the minimum monthly benefit that would have been due to Moody.

The COLA issue involves Social Security benefits for the period of April 2004 through November 2005. In November 2005, Moody was informed by the Social Security Administration that he was entitled to benefits retroactively to April 2004. Moody argues that the policy entitled

him to a COLA as of July 1, 2005, and that if defendant had not abused its discretion by terminating benefits, Moody would have received a 3% increase on his gross benefits amount, because he was not receiving "other income" at the time. Liberty argues that Moody is unfairly attempting to calculate the COLA as if there had not been a retroactive Social Security award. Had Moody been receiving disability payments as of July 1, 2005, he would have received a COLA based upon the gross monthly benefit, because he was not yet being paid Social Security benefits. Liberty should not be rewarded for abusing its discretion in denying benefits. The COLA should be calculated as proposed by Moody.

       The parties shall jointly file, within ten (10) days of entry of this order, a proposed judgment, consistent with this order, specifying the exact amount to by paid.

       IT IS SO ORDERED.

Dated: May 18, 2009

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California